**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James S. COURE, Defendant–Appellant.**

**No. 80–5078.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 25, 1980.

Decided Oct. 9, 1980.

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio.

Richardson R. Lynn, Kenneth Switzer, Nashville, Tenn., for defendant–appellant.

Hal D. Hardin, U. S. Atty., Nashville, Tenn., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, Joseph W. Salus, II, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff–appellee.

Before WEICK and BOYCE F. MARTIN, Jr., Circuit Judges, and DUNCAN, District Judge.*

PER CURIAM.

James S. Coure appeals from a denial of his motion to withdraw his plea of guilty to violation of Sections 7201 and 7272 of the Internal Revenue Code. Defendant contends the court abused its discretion in denying his motion and further erred in denying the motion without conducting a hearing.

There were two indictments returned against defendant. The first charged him with two counts of willful failure to pay income taxes withheld from employees' wages. The second indictment charged him with three counts of willfully attempting to evade his own income taxes for the years 1973 through 1975. A plea agreement was reached between defendant and the U.S. Attorney. It was agreed he would plead

guilty to one count in the first indictment and one count in the second indictment involving taxes due for 1975. In exchange for this all the remaining counts would be dismissed. The pleas of guilty were entered and accepted by the court. The statement in support of the guilty pleas was given by the special agent of the IRS at the plea hearing held October 4, 1979. The agent testified that the IRS had relied upon the net worth and expenditure method to prove income tax evasion for 1975 with one possible source being distribution of heroin. Defendant immediately denied ever distributing heroin.

The sentencing hearing was held on December 4. Defendant entered a plea for leniency. The government recommended a substantial sentence because of the serious nature of the information concerning drug distribution. The court ordered an evidentiary hearing to determine if the government's allegations concerning the drug dealing could be sustained. It was at this point in the sentencing hearing when defendant moved to withdraw his guilty plea. The defendant stated that the motion was made due to the extensiveness of that hearing and the *proof* the defendant would want to put on at that hearing. He did not request a hearing on his motion. The motion was denied.

An evidentiary hearing was conducted on January 10, 1980. Defendant renewed his motion to withdraw his guilty plea and again failed to request a hearing on that motion. This motion was also denied. The court found the government had not proven any portion of defendant's unreported income had been derived from the sale of heroin. Defendant was sentenced to thirty months imprisonment and a $10,000 fine.

 The thrust of appellant's argument is that permission to withdraw a plea of guilty prior to sentencing should be freely allowed and that he is entitled to an appropriate hearing before the motion can be denied. *United States v. Joslin*, 434 F.2d 526, 531 (D.C.Cir.1970). The record disclosed the defendant was very troubled immediately upon learning the government intended to connect him with drug trafficking, and in fact he approached the Judge to explain in detail his firm denial of any drug involvement. He did not make a motion to withdraw at this first instance; however, before sentencing and after time to evaluate the impact of the government's allegations regarding the drug matter, the motion was made at the sentencing hearing two months later. Even then it was not made until it became evident that the drug matter was crucial to the sentencing determination. Furthermore, a review of the record reveals that the Judge at this time made known he intended to give great weight to the truth or falsity of the allegations concerning the drug trafficking. It was then clear to defendant that the proposed evidentiary hearing would be extensive. At this hearing the United States was unable to prove the truth of the drug charges.

The puzzling aspect of this case arises from the fact that the defendant never challenged the pre–sentence report. Certainly if he had, he would have been entitled to an evidentiary hearing to correct the report. Such is not the case here. The agreement to plead guilty to the tax charges did not involve the drug allegations. The subsequent action of the United States negated the plea agreement. The defendant should have been allowed to withdraw his plea in October and return the case to the posture it was in before the plea agreement.

Withdrawal prior to sentencing is not an absolute right, rather it is within the broad discretion of the District Court. *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir.1978). We think it was an abuse of discretion for the court to ignore defendant's motion in light of the serious nature and potential adverse effect of the allegation that defendant had derived income from an illegal drug activity.

The judgment of the District Court is reversed.