### UNITED STATES of America, Plaintiff-Appellee,

v.

### Frank Lee USHER, Defendant-Appellant.

### No. 82–1113.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1983.

Decided March 10, 1983.

---

Leslie R. Seeligson (argued), Ann Arbor, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Christopher Andreoff, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before KEITH, KENNEDY and WELLFORD, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Appellant Usher appeals from a guilty plea and conviction for possession of a firearm by a felon, 18 U.S.C. App. § 1202(a)(1), and the receipt of ammunition by a felon, 18 U.S.C. §§ 922(h)(1), 924(a). Appellant claims the District Court erred as a matter of law in determining that his guilty plea, entered into pursuant to a plea agreement,

was voluntary and that the District Court abused its discretion in denying his motion for leave to withdraw his guilty plea prior to sentencing under Fed.R.Crim.P. 32(d).

Appellant first claims his guilty plea was involuntary under a totality of circumstances because it was a product of coercion. Specifically, appellant claims his plea and that of his wife, who was charged in a separate indictment with the same offenses arising from the same set of facts, were linked and interdependent and that, at the time the plea negotiations took place, his wife would only be allowed to enter into a plea for a reduced period of incarceration on the condition that appellant would waive his right to a jury trial and other constitutional protections and plead also. Appellant claims this condition was created and imposed by the government during the plea bargaining process and that conditioning his wife's ability to plead to a reduced period of incarceration on his plea was, in itself, coercive enough to vitiate his guilty plea.

The Supreme Court has expressly reserved judgment on the constitutional implications of a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person other than the accused. *Bordenkircher v. Hayes,* 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 668 n. 8, 54 L.Ed.2d 604 (1978). A number of federal courts, however, have upheld pleas against assertions of involuntariness due to coercion where the prosecution offered lenient treatment to a person other than the defendant. *See, e.g., United States v. Tursi,* 576 F.2d 396, 398 (1st Cir.1978); *United States v. Bambulas,* 571 F.2d 525, 526–27 (10th Cir. 1978).

■ Under a totality of circumstances, the District Court did not err in concluding, as a matter of law, that appellant's plea was knowing and voluntary and not coerced. Appellant was familiar with the criminal justice system. *See United States v. LaVallee,* 348 F.2d 373 (2d Cir.1965). Appellant and his wife were both represented by separate counsel throughout the plea negotiation process and at the time the plea was taken. *See Austin v. Perini,* 434 F.2d

752, 753 (6th Cir.1970). Accepting the testimony and affidavits favorable to appellant as true, the record reveals that appellant and his attorney were very much aware of the alleged conditional nature of appellant's wife's ability to plead. It was appellant's counsel, along with his wife's counsel, who countered the original government offer with an increased maximum exposure for appellant and a decreased one for his wife, and it was this offer which was accepted by the government and was the basis for the plea. The participation and assistance of counsel over the four-day period of time in which the plea negotiations took place indicates that the plea was the product of a shrewd, intelligent and calculated bargain. *LaVallee, supra,* 377.

■ Appellant also asserts that the District Court did not satisfy its obligations under Fed.R.Crim.P. 11(d) and (e). *Hayes* and other cases indicate that guilty pleas made in consideration of lenient treatment in favor of third persons pose a greater danger of coercion than purely bilateral plea bargaining and that, accordingly, special care must be taken to ascertain the voluntariness of guilty pleas entered in such circumstances. *Hayes, supra,* 434 U.S. at 364 n. 8, 98 S.Ct. at 668 n. 8; *United States v. Nuckols,* 606 F.2d 566, 569 (5th Cir.1979).

■ Appellant's plea agreement with the government was executed orally in open court and in writing. At the plea acceptance hearing the government orally set forth the agreement reached with appellant and indicated that it embodied the full negotiations between the government and appellant. Appellant's attorney responded that the government had "fairly stated the agreement between the U.S. Attorney's office and Defendant, Frank Lee Usher." The District Court then inquired separately of appellant and his attorney whether each knew of whether any threats had been made to induce appellant to plead and whether any additional promises or agreements had been made in connection with this particular matter. Each responded in the negative to each question. Given this factual predicate, the District Court did not

abrogate its responsibilities under Rule 11 or *Hayes* by failing to persist in asking additional voluntariness questions or *sua sponte* raising the possibility of conditions even though appellant and his co-defendant were husband and wife and even though both pleaded guilty at the same time. Because both appellant and his counsel assured the District Court, upon being questioned by the court, that appellant knew his rights and knew the full extent of the bargain into which he entered, any failure of the record to reflect the condition is not a fault of the District Court but rather a deliberate attempt on the part of appellant and his counsel not to reveal the full information to which they were allegedly privy. While a District Court clearly has the obligation to ascertain the existence of any plea bargains and place the details of the bargain on the record, it is not obligated to contest a defendant's or defendant's counsel's express representations that deny the existence of further bargains or details of bargains.

◼ Finally, appellant asserts that the District Court abused its discretion in denying his motion for leave to withdraw his guilty plea prior to sentencing. Fed.R. Crim.P. 32(d). In *United States v. Kirkland,* 578 F.2d 170, 172 (6th Cir.1978) and *United States v. Coure,* 632 F.2d 665, 666 (6th Cir.1980), the Sixth Circuit held that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the discretion of the district court. In this case we find no abuse of discretion in the District Court's denial of appellant's motion. By his affidavit, appellant alleged that he knew of the condition from the beginning of the plea negotiation process but was dissuaded from mentioning it to the court because he was told not to by his attorney. His attorney denied that he had so instructed appellant. The District Court was not informed of the condition, and the government denied imposing it and denies that it existed. The only information about the alleged condition was in the possession of appellant and his counsel and they expressly denied before the District Court the existence of any coercion and indicated that the bargain was the full one undertaken by the parties. Therefore, appellant's argument is of questionable good faith. As discussed earlier, the reason offered by appellant as the reason to withdraw his plea, was insufficient on its face, to justify withdrawal. Finally, withdrawal of the plea would have created prejudice to the government because it had been poised to go to trial at the time the plea was taken and because appellant received the benefit of his bargain. His wife, the beneficiary of his plea agreement, was sentenced in accordance with her plea agreement which was allegedly conditioned on appellant's plea. *See Neely v. Pennsylvania,* 411 U.S. 954, 93 S.Ct. 1934, 36 L.Ed.2d 416 (1973) (Douglas, J., dissenting from denial of certiorari).

Accordingly, the decision of the District Court upholding appellant's guilty plea and conviction is affirmed.