762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
RUSSELL THOMAS PEPPARD, DEFENDANT-APPELLANT.
 NO. 84-3433
 United States Court of Appeals, Sixth Circuit.
 3/28/85
 
 ON APPEAL FROM THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and NEWBLATT*, District Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Russell T. Peppard (Peppard) appealed from an order of the district court denying his pro se motion to withdraw his guilty plea. Peppard initially pleaded not guilty to a charge of kidnapping in violation of 18 U.S.C. Sec. 1201(a)(1). During a jury trial, after the government had presented its case, Peppard decided to plead guilty to the kidnapping charge. The district court conducted a hearing on the guilty plea after which it accepted the plea. Prior to sentencing, Peppard wrote the district court, pro se, stating that he wished to withdraw his guilty plea and re-enter a plea of not guilty. The court treated this as a motion to withdraw plea under Fed.R.Crim.P. 32(d). After a hearing on Peppard's motion to withdraw his guilty plea, the district court denied the motion and sentenced Peppard to eight years on the kidnapping charge.
 
 
 2
 Under Fed.R.Crim.P. 32(d), the defendant carries the burden of showing a 'fair and just' reason for withdrawal of his guilty plea. The trial court has wide discretion to determine whether to set aside the plea, and the trial court's denial of a defendant's motion to withdraw a guilty plea will be reversed by an appellate court only for an abuse of discretion. Id.; Doherty v. American Motors Corp., 728 F.2d 334, 338 (6th Cir. 1984); United States v. Usher, 703 F.2d 956, 959 (6th Cir. 1983).
 
 
 3
 Peppard claims that he met his burden of showing that his grounds for withdrawal are 'fair and just' and that the trial court abused its discretion in denying his motion because: (1) the trial court did not company with Rule 11; (2) his attorney mislead him; and (3) he was denied medication in jail.
 
 
 4
 A review of the transcript of the hearing at which the district court accepted Peppard's guilty plea discloses that the district court properly complied with Rule 11. Additionally, the evidence in the record contradicts Peppard's assertion that he was misled or coerced by his attorney.
 
 
 5
 With respect to Peppard's claim that he was deprived of anti-depressant and anti-anxiety medication, Peppard never identified the medication by name, nor the name of and any specific diagnosis of the prescribing physician. Peppard's attorney testified that Peppard, though not taking the medication, appeared to be competent.
 
 
 6
 The district court did not abuse its discretion in failing to find that the fact that defendant was not taking medication when he entered his guilty plea provided a 'fair and just' basis for permitting withdrawal of the guilty plea. Cf. United States v. Kearney, 684 F.2d 709, 711 (10th Cir. 1982) (where defendant sought to withdraw guilty plea because at the time of plea he was under the influence of medication for heart condition, but did not offer any specifics about the actual drug or its side effects, the mere allegation was insufficient to justify withdrawal of plea where responses of defendant and his attorney at guilty plea hearing demonstrated that defendant was 'fully aware of what he was doing'); United States v. McKoy, 645 F.2d 1037, 1038 (D.C. Cir. 1981) (where defendant asserted that his guilty plea was not voluntary because he was taking anti-anxiety medication at the time he entered the plea, and where the trial judge observed defendant's demeanor at hearings, appellate court found no abuse of discretion in the trial court's rejection of medication claim as a basis for withdrawing the guilty plea).
 
 
 7
 Finally, the district court's refusal to permit Peppard to change his guilty plea is further supported by the prejudice to the government which would result if the government had to retry the case. See United States v. Kearney, 684 F.2d at 712.
 
 
 8
 Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.