767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JEROME STRAGER, DEFENDANT-APPELLANT.
 NO. 84-1726
 United States Court of Appeals, Sixth Circuit.
 6/25/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and CONTIE, Circuit Judges; BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of conviction entered after defendant pled guilty to one count of interstate transportation of falsely made and forged securities under 18 U.S.C. Sec. 2314. Defendant offered his plea on April 10, 1984; he was sentenced to three years in prison on September 6, 1984. Prior to the Court's imposing sentence at the sentencing hearing, defendant moved to withdraw his guilty plea. The Court denied defendant's motion to withdraw his plea, and imposed the sentence. On appeal, defendant argues that he established the requisite 'fair and just reason' under Fed. R. Crim. P. 32(d)[1] for withdrawing his guilty plea before sentencing and that the government had breached its promise of probation. We affirm the judgment and commitment order entered upon defendant's guilty plea.
 
 
 2
 The theory of defendant's first argument is that he entered his plea under duress. At the time of the plea, he had been incarcerated at Milan Federal Correctional Institute for several weeks. During this time, he became concerned over his health due to growths on his body which he feared were malignant. He argues that the plea was motivated by his urgent desire for an operation, and that because the plea was entered upon duress, the court should have allowed his pre-sentencing withdrawal of the plea.
 
 
 3
 Under Rule 32(d), the defendant bears the burden for a pre-sentencing withdrawal motion to prove a 'fair and just' reason for withdrawing his plea; the burden is then on the government to prove that it would be prejudiced by the withdrawal. See United States v. Saft, 558 F.2d 1073 (2d Cir. 1977) (approach in Saft adopted by the 1983 amendment to Rule 332(d), as noted in Fed. R. Crim. P. 32(d) Advisory Committee Note at 4). Defendant posits that he has sustained the burden of proving that mental duress provided the requisite fair and just reason for withdrawing his plea.
 
 
 4
 The transcript of the plea hearing shows that the District Court probed defendant's motivation for the plea at great length. The Court specifically questioned defendant about his desire for an operation; defendant responded that his plea was not an attempt to get out of Milan for speedy medical treatment. Both defendant and his counsel assured the Court that defendant was competent to enter a plea.
 
 
 5
 Defendant previously had written several letters to the Court, outlining his concerns over legal representation he was receiving, the well-being of his mother, and his own physical condition. The Court discussed this correspondence with defendant and stressed that the Court would not allow defendant to be coerced in any manner. Defendant's repeated responses to the Court clearly demonstrate that he understood the ramifications of his act and that the plea was voluntary.
 
 
 6
 Although defendant seeks to place his case in a narrow mental duress category, we do not see how his theory can function as anything but a per se rule invalidating any plea entered by someone who needs some kind of medical treatment. The Court did essentially all it could to ensure that, in the face of defendant's desire for an operation, his plea was voluntary, knowing, and intelligent. The record demonstrates no trace of coercion by the government or the Court in defendant's case. The record as a whole indicates that the District Court did not err in its evaluation that defendant's plea was voluntary. See United States v. Usher, 703 F.2d 956, 958 (6th Cir. 1983) (court looked to 'totality of the circumstances.')
 
 
 7
 The withdrawal of a guilty plea prior to sentencing is not an absolute right; rather, it is within the sound discretion of the district court. Usher, 703 F.2d at 959. The District Court did not abuse its discretion by denying defendant leave to withdraw his guilty plea.[2]
 
 
 8
 Defendant's second argument on appeal is that the government had promised him probation in exchange for his plea; because he received a three year prison sentence, defendant maintains that his plea should be withdrawn based on breach of promise by the government. We hold that the record does not support defendant's assertion that he was promised probation; defendant's theory therefore must fail.
 
 
 9
 Defendant asserts that the following exchange, as reported in the transcript initially filed on appeal, documents his assertion:
 
 
 10
 THE COURT: Now, what other promises have been made to you, Mr. Strager? Tell me.
 
 
 11
 .............................................................
 
 
 12
 ...................
 
 
 13
 * * *
 
 
 14
 DEFENDANT STRAGER: And that I would be able to get personal bail. Get my probation.
 
 
 15
 THE COURT: That was part of the agreement?
 
 
 16
 DEFENDANT: Yes, your Honor.
 
 
 17
 Trans. of Plea Hearing at 30.
 
 
 18
 Subsequent to defendant's filing his brief on appeal, the government moved the District Court under Fed. R. App. P. 10(e) to correct the record. The Court then changed the record by replacing the word 'probation' with 'operation.'
 
 
 19
 As a threshold matter, defendant argues that fundamental due process principles afforded him the right to notice and hearing before the District Court on the record correction issue. A close review of the record reveals that, even if the initial version of defendant's testimony were allowed to stand, defendant cannot sustain his claim that the government promised him probation at any time. We, therefore, pretermit the question whether a district court must provide notice and hearing on a 10(e) motion.
 
 
 20
 The only recorded reference to probation by the defendant is the above statement. The only basis defendant asserted for his motion to withdraw his plea at sentencing was duress due to his health concerns. In addition, the Rule 11 Plea Agreement contains no reference to probation; the only promise listed by the government was to inform the Court of defendant's cooperation in other criminal investigations, which the government honored.
 
 
 21
 Most significant, at the plea hearing, the following exchange took place:
 
 
 22
 THE COURT: The recommendation that [the government] give[s] might say probation and it might say Mr. Strager should get three years.
 
 
 23
 DEFENDANT STRAGER: I understand that.
 
 
 24
 THE COURT: You are willing to take your chances in that regard?
 
 
 25
 DEFENDANT STRAGER: I am willing to take my chances with the truth, Your Honor.
 
 
 26
 Trans. of Plea Hearing at 33.
 
 
 27
 If a plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' Santobello v. New York, 404 U.S. 257, 262 (1971). In Santobello, the government conceded that it made a certain promise. The government makes no such concession here and the record simply does not support defendant's contention that the government promised to recommend probation. We, therefore, hold that his guilty plea should not be set aside because of a broken promise by the government.
 
 
 28
 Accordingly, we affirm the judgment of the District
 
 
 
 [1]
 Rule 32(d) provides:
 If a motion for withdrawal of a plea of guilty is made before sentence is imposed . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 [2]
 We also reject defendant's alternative argument that the District Court, should have conducted a hearing on his motion to withdraw. In the plea hearing, the District Court directly examined the potential for duress based on defendant's physical condition. He focused on the possibility that defendant was entering a plea simply to get his operation. Thus he had already evaluated the rationale of defendant's duress claim. See Barber v. United States, 579 F.2d 1219, 1224 (10th Cir. 1978), for similar reasoning. Further, defendant's oral motion at the sentencing hearing included no factual bases for his claim that were previously unknown to the Court. Cf. Roberts v. United States, 570 F.2d 999 (D.C. Cir. 1977)