891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert CAMPBELL, Petitioner-Appellant,
v.
William SEABOLD, Warden, Respondent-Appellee.
 No. 89-5835.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Campbell moves for counsel and appeals from the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Campbell pleaded guilty to trafficking in controlled substances and to being a second degree persistent felony offender, and was sentenced to fifteen years imprisonment. He then escaped from the Kenton County jail after sentencing on those charges. Upon recapture, he was tried and convicted of second degree escape and of being a first degree persistent felony offender.
 
 
 3
 Campbell claimed that the prosecutor (on his original charges of trafficking in controlled substances and of being a second degree persistent felony offender) threatened to indict his wife and to commence proceedings to terminate his parental rights because of his drug addiction if he did not plead guilty. He also claimed that his counsel was ineffective by failing to properly investigate the circumstances of the guilty pleas and by failing to raise the coercion argument in a pre-trial motion.
 
 
 4
 After reviewing the answer, traverse, the magistrate's report and recommendation, and Campbell's objections, the district court dismissed the petition, deciding that Campbell's guilty plea was voluntary and that he received effective representation by counsel.
 
 
 5
 On appeal, Campbell argues that he was denied effective assistance of counsel.
 
 
 6
 Upon consideration, we conclude that the district court correctly dismissed the petition. First, Campbell claimed that his counsel was ineffective by failing to properly investigate the circumstances surrounding his guilty pleas and by failing to raise the argument that he was coerced into pleading guilty in a pretrial motion. However, in an evidentiary hearing on his Ky.R.Crim.P. 11.42 motion, Campbell's attorney testified that he did not recall Campbell informing him that he was coerced into pleading guilty. According to his attorney, Campbell only said that he took the blame for his wife, as she was the one who actually carried out the drug transactions. In addition, Campbell signed a waiver form in which he acknowledged that no person had used force, duress, or coercion on him to plead guilty. At his plea hearing, the court informed Campbell that he had the right to plead not guilty and had the right of trial. He was specifically asked if he had been told that he would receive a harsher sentence or anything similar if he continued to claim he was innocent. Campbell said he had not. At his Ky.R.Crim.P. 11.42 evidentiary hearing, Campbell admitted that he was asked during review of the waiver form and by the judge if he was threatened or forced in any way to plead guilty, and he said no. As a result, the record shows that his guilty plea was voluntary. See Brady v. United States, 397 U.S. 742 (1970).
 
 
 7
 Next, the district court correctly concluded that Campbell was not denied effective assistance of counsel and, as a result, his guilty plea was valid. To establish ineffective assistance of counsel, Campbell must show that counsel's performance was deficient and, but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Campbell has not proven that he was coerced into pleading guilty. Thus, his attorney did not err in not moving to preclude the use of that conviction at trial.
 
 
 8
 In addition, there was no coercion from the prosecutor. Campbell's defense was that his wife actually committed the crime. The prosecutor could have brought charges against her regardless of Campbell's plea. A guilty plea is not inherently coercive merely because the government linked the defendant's plea with an agreement of leniency for his wife. United States v. Usher, 703 F.2d 956, 958 (6th Cir.1983). In this case, Campbell's defense was that his wife actually committed the crime with which he was charged. Thus, the agreement of leniency for his wife was not, by itself, coercive.
 
 
 9
 In summary, the record shows that Campbell's plea was not coerced. He was represented by counsel, fully informed of his rights, given several opportunities to reveal any coercion, and was aware of the bargain into which he entered. Thus, he was not prejudiced by his counsel's failure to raise this issue in pretrial motions and his ineffective assistance of counsel claim fails.
 
 
 10
 For these reasons, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.