966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Donald M. GEORGEOFF, Defendant-Appellant.
 No. 91-4091.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1992.
 
 Before KEITH and SILER, Circuit Judges, and COHN*, District Judge.
 PER CURIAM.
 
 
 1
 Defendant, Donald M. Georgeoff, appeals his conviction and sentence. The issues are whether: (1) the district court erroneously denied defendant's motion to withdraw his guilty plea and for an evidentiary hearing ("motion"); and (2) defendant voluntarily pled guilty. For the following reasons, we AFFIRM his conviction and sentence.
 
 I. FACTS AND PROCEDURE
 
 2
 Defendant and his daughter, Diane Georgeoff, were charged with various offenses. After four days of trial, defendant and the government agreed to a plea bargain. Defendant pled guilty to one bank fraud charge in exchange for the government's promise to: (1) drop counts one, twelve, and twenty against him, (2) concede (for sentencing purposes) that the relevant bank did not suffer any monetary loss, and (3) dismiss all charges against his daughter.
 
 
 3
 Almost one month later, in a letter to the probation officer, defendant proclaimed his innocence and stated that he had only pled guilty to secure the dismissal of the charges against his daughter. According to the probation officer, defendant remained convinced that he had "done nothing wrong" and believed that entering a guilty plea was "simply the best way to get rid of and resolve a messy situation."
 
 
 4
 Prior to sentencing, defendant's new counsel moved to withdraw the guilty plea under Fed.R.Crim.P. 32(d) and requested an evidentiary hearing on the voluntariness issue. Defendant claimed that he would not have entered a guilty plea "but for substantial duress" and stated that his former counsel had advised him not to withdraw the plea for fear of exposing his daughter to criminal charges. The district court denied the motion, because: (1) the motion was untimely; (2) granting the motion would have prejudiced the government; (3) defendant knowingly and voluntarily pled guilty; and (4) there was a factual basis for the plea.
 
 
 5
 Defendant urges that the court should have held a hearing on these issues, but the record supports the conclusion by the district court. Although defendant suggests the record does not show prejudice to the prosecution if the guilty plea had been withdrawn, this court disagrees. The prosecution had already gone through four days of its case, expending money and effort. Moreover, after the court accepted defendant's plea of guilty on August 19, 1991, it dismissed the indictment against Diane Georgeoff, defendant's daughter, in accordance with the plea agreement. As the jury had already been impaneled in the case, those charges could not have been brought against her again. See United States v. Talbot, 825 F.2d 991, 997 (6th Cir.1987), cert. denied, 484 U.S. 1042 (1988).
 
 II. ANALYSIS
 
 6
 A. The district court's denial of the motion was not an abuse of discretion.
 
 
 7
 First, there is no absolute right to an evidentiary hearing whenever a defendant withdraws a guilty plea. United States v. Fountain, 777 F.2d 351, 358 (7th Cir.1985), cert. denied, 488 U.S. 982 (1988). An evidentiary hearing is required only "when the allegations made, if true, would require relief." United States v. Fournier, 594 F.2d 276, 279 (1st Cir.1979). Here, the facts supporting the motion were before the district court. As defense counsel stated at the sentencing hearing, the plea hearing transcript indicates that defendant's daughter was "on his mind." Accordingly, an evidentiary hearing would not have served any meaningful purpose.
 
 
 8
 Second, "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). "The permission to withdraw a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court." United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988) (emphasis added). The factors, which the district court "may consider" to determine whether a defendant has established a "fair and just reason," are: (1) whether he asserted a defense or maintained his innocence; (2) the length of time between the plea and the motion to withdraw it; (3) the reason the grounds for withdrawal were not presented to the court earlier; (4) the underlying circumstances; (5) the defendant's background; and (6) the potential prejudice to the government. See id. at 103-04; see also United States v. Alexander, 948 F.2d 1002, 1003 (1991), cert. denied, 112 S.Ct. 1231 (1992).
 
 
 9
 "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or ... improperly applies the law or uses an erroneous legal standard." Black Law Enforcement Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987). Thus, to reverse the district court's denial of the motion, we must be firmly convinced that the district court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." In re Bendectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 10
 At the sentencing hearing, the district court weighed the following factors: (1) defendant's assertion of innocence, (2) the motion's timeliness, (3) the reasons for the delay in filing the motion, (4) the surrounding circumstances, and (5) the prejudice to the government. Then, it denied the motion. As it weighed the appropriate factors, its denial of the motion was not an abuse of discretion.
 
 
 11
 B. Defendant's plea was voluntary.
 
 
 12
 "The court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." Fed.R.Crim.P. 11(d). In this case, the district court stated that defendant may have been "motivated by ... the government's decision with respect to Diane...." and informed defendant of the maximum punishment for the bank fraud charge, his ability to change his plea at any time during the hearing, and his constitutional rights. Specifically, this colloquy followed:
 
 
 13
 JUDGE: "[Y]ou have to voluntarily give up those constitutional rights before I can accept your plea. Do you understand ...?"
 
 
 14
 DEFENDANT: "I made it very clear to you that I was willing to do that."
 
 
 15
 JUDGE: "Now, has anybody forced you to plead guilty?"
 
 
 16
 DEFENDANT: "No...."
 
 
 17
 JUDGE: "Will the plea of guilty be voluntary on your part?"
 
 
 18
 DEFENDANT: "Yes, right now it is definitely."
 
 
 19
 JUDGE: "Will it be an exercise of your own free will?"
 
 
 20
 DEFENDANT: "Yes."
 
 
 21
 Next, the district court asked defendant if he understood the charge against him and the government's burden to prove the charge. Defendant replied that he had read the indictment and understood it. The district court noted that the government had already presented most of its evidence and held that, based on its review of the evidence, the government had presented a factual basis for the charge. Then, defendant pled guilty to count eight of the indictment.
 
 
 22
 Defendant argues that his plea was the product of duress or coercion and, therefore, involuntary. However, a guilty plea conditioned on a third person's lenient treatment is not per se involuntary. United States v. Usher, 703 F.2d 956, 958 (6th Cir.1983).
 
 
 23
 Additionally, defendant argues that the district court failed to adhere to the "special care" required where it accepts a plea that is entered in exchange for a third person's lenient treatment. See Usher, 703 F.2d at 958. Defendant argues that this duty of "special care" required the district court to inquire into whether he actually committed the crime. However, the factual basis inquiry of Fed.R.Crim.P. 11(f) is meant to "protect against false pleas, not involuntary ones." United States v. Allen, 804 F.2d 244, 245-46 (3d Cir.1986). Defendant does not challenge the factual basis for the charge. Accordingly, as he admitted before the district court that his plea was voluntary, we hold that defendant voluntarily pled guilty.
 
 III. CONCLUSION
 
 24
 As the district court's denial of the motion was not an abuse of discretion and defendant's plea was voluntary, we AFFIRM defendant's conviction and sentence.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation