986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Dale CHRISTOPHER, Defendant-Appellant.
 No. 92-5491.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1993.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Robert Dale Christopher appeals the denial of his motion to withdraw his guilty plea to the offense of felon in possession of a firearm. Defendant argues that the District Court abused its discretion in refusing to allow the withdrawal of his plea. For the reasons set forth below, we AFFIRM.
 
 I.
 
 2
 On August 27, 1991, defendant Christopher, and his co-defendant Jerry Lynn Hopson, both previously convicted felons, were indicted by a federal grand jury for knowingly and unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1), § 924(a)(2) and § 924(e)(1). On October 16, 1991, the government filed its notices specifying each defendant as an armed career criminal pursuant to 18 U.S.C. § 924(e).[1] Defendant Christopher has previously been convicted of third-degree burglary (twice), second degree murder, and escape.
 
 
 3
 Trial was set for January 9, 1992. Prior to the date of trial, the government made several plea offers to the defendants. None were accepted and the offers were withdrawn. On the morning of the trial, the government reiterated an earlier plea offer.[2] Specifically, the government offered not to seek sentence enhancement under 18 U.S.C. § 924(e)(1). This oral offer was conditioned on both defendants pleading guilty. Both defendants accepted the offer and in a proceeding before the District Court, on January 9, 1992, Christopher entered a plea of guilty. On February 18, 1992, forty days later and prior to sentencing, Christopher filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). The District Court denied the motion and on April 6, 1992, sentenced the defendant to 15 years imprisonment without parole. This appeal followed.
 
 II.
 
 4
 Under Fed.R.Crim.P. 32(d), a court "may permit withdrawal of [a] plea upon a showing by the defendant of any fair and just reason." The essence of Christopher's motion was that he did not have adequate time to discuss the plea agreement with his counsel; he believed that although he pled guilty he in fact was not guilty; and, the government would not be prejudiced by the defendant's withdrawal of his guilty plea.
 
 
 5
 It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the sound discretion of the District Court. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (citing United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978) (per curiam)). The District Court's decision to deny a motion for plea withdrawal should be sustained unless the court has abused its discretion. Spencer, 836 F.2d at 238; United States v. Alexander, 948 F.2d 1002 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 1231 (1992) (granting of withdrawal of plea is a matter left to the discretion of the district court, and this Court will reverse only for abuse of that discretion). Additionally, the movant has the burden of establishing that his presentence motion to withdraw should be granted. United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). This Court has identified a number of factors which the District Court may consider in determining whether the defendant has established a "fair and just reason" to withdraw his guilty plea: (1) the length of time between the entry of the plea and the motion to withdraw; (2) why the grounds for withdrawal were not presented to the court at an earlier time; (3) whether the movant has consistently maintained his innocence; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and, (5) potential prejudice to the government if the motion to withdraw is granted. United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988); Spencer, 836 F.2d at 239-40. An analysis of these factors leads us to conclude that it was not an abuse of discretion for the District Court to find that the defendant failed to offer "fair and just" reasons to withdraw his plea.
 
 A.
 
 6
 First, defendant Christopher waited forty (40) days after pleading guilty before he filed a motion to withdraw the plea. This Court has noted that the shorter the delay between the entrance of the plea and the motion to withdraw, the more likely the motion will be granted; whereas a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial amount of time. Triplett, 828 F.2d at 1197. "Courts have noted that the aim of [Fed.R.Crim.P. 32(d) ] is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.' " Alexander, 948 F.2d at 1004 (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985)). Here, Christopher pled guilty on January 9, 1992, at which time sentencing was set for April 6, 1992. He did not file his motion to withdraw the plea until February 18, 1992, almost six weeks after the entry of the plea. This time delay supports denial of Christopher's motion. See Goldberg, 862 F.2d at 104 (motion to withdraw properly denied where there was a 55 day delay); Spencer, 836 F.2d at 239 (motion filed five weeks after plea properly denied); Carr, 740 F.2d at 345 (motion filed 22 days after plea properly denied).
 
 B.
 
 7
 Christopher's "complete failure to offer any reasons for neglecting to raise the grounds for vacating the plea at some earlier point in the proceedings reinforces this analysis." Alexander, 948 F.2d at 1004. Defendant claims that through members of his family he indicated, within fourteen days after pleading guilty, that he wished to withdraw his plea and proceed to trial. If this is true, it only further illuminates defendant's failure to make his motion to the District Court within a few days after the initial pleading.
 
 
 8
 Moreover, we find the reasons (ultimately) proferred by defendant in support of his motion to withdraw unpersuasive. Defendant claims that he did not have adequate time to discuss the plea negotiations with his lawyer, and that he only pled guilty so his co-defendant would have an opportunity to so plead. This latter argument is not a "fair and just reason" warranting withdrawal. Clearly, it is proper for the government to make its plea offers conditional upon a co-defendant also pleading. See United States v. Usher, 703 F.2d 956, 958 (6th Cir.1983). To permit a defendant to accept a plea agreement offered on the condition that both co-defendants plead and then withdraw it, would, in effect, allow a defendant to (strategically) sever his case from that of his co-defendant.
 
 
 9
 Defendant's claim that he did not have adequate opportunity to confer with his lawyer is also without merit. Not only did the defendant's attorney discuss the plea agreement with him on the morning the trial was to begin, but the District Court also ensured itself that defendant thoroughly understood his rights and the nature of the plea bargaining agreement. In fact, based on the transcript of the entering of the plea, it is evident that Christopher entered the plea agreement voluntarily and knowingly. "Accordingly, defendant cannot now claim that he was given insufficient time to consider the plea bargaining agreement." Triplett, 828 F.2d at 1197. In addition, defendant testified under oath that he was satisfied with the representation provided by his counsel and that he was not under any mental or physical pressure to plead guilty.
 
 C.
 
 10
 A third factor to be considered is whether the defendant has "consistently maintained his innocence." Goldberg, 862 F.2d at 103. In the instant case, defendant initially pled not guilty. Later, however, he changed that plea and admitted guilt in open court. During the plea proceeding, defendant engaged in the following colloquy with the District Court:
 
 
 11
 THE COURT: And, Mr. Christopher, do you agree with the Government's summary of what you did?
 
 
 12
 MR. CHRISTOPHER: Yes, Sir.
 
 
 13
 THE COURT: And, Mr. Christopher, how do you plead, guilty or not guilty?
 
 
 14
 MR. CHRISTOPHER: Guilty.
 
 
 15
 THE COURT: Okay. Now do each of you [Christopher and Hopson] understand what you are pleading guilty to?
 
 
 16
 MR. CHRISTOPHER: Yes, Sir.
 
 
 17
 THE COURT: And are you each pleading guilty because you are in fact guilty as charged in the indictment?
 
 
 18
 MR. CHRISTOPHER: Yes, Sir.
 
 
 19
 ....
 
 
 20
 THE COURT: Knowing these additional penalties [if plea is accepted], you still want to enter a plea of guilty?
 
 
 21
 MR. CHRISTOPHER: Yes, Sir.
 
 
 22
 Joint App. at 80-81 [co-defendant Hopson's testimony omitted]. One circuit court has noted that "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir.1988). Defendant's representation at the sentencing hearing that he "should have [his] tongue cut out for saying he was guilty" falls far short of this heavy burden. The absence of defendant's vigorous and repeated protestations of innocence, Alexander, 948 F.2d at 1004 (citing United States v. Saft, 558 F.2d 1073 (2d Cir.1977)), further supports the District Court's denial of his motion to withdraw his guilty plea.
 
 D.
 
 23
 Fourth, courts should also consider the circumstances surrounding the plea of guilty and the nature and background of the defendant. In this connection, this Court has specifically considered whether a defendant "was familiar with the criminal justice system." Usher, 703 F.2d at 958; Alexander, 948 F.2d at 1004 (another consideration utilized by courts in determining whether a "fair and just" reason has been advanced is defendant's lack of innocence or naivete with respect to the criminal justice system). In Kirkland, 578 F.2d 170, 171-72, this Court remarked:
 
 
 24
 The defendant is not a novice to the criminal law. Defendant has previously committed seven felonies and has been returned on four of them as a parole violator. He is knowledgeable and shrewd. This attempt to avoid his agreement cannot be viewed as other than a dilatory tactic or strategy to attempt to obtain an even better deal.
 
 
 25
 Here, defendant has previously been convicted of second degree murder; third degree burglary (twice); attempt to commit a felony; escape; burglary; and, receiving stolen properties. Thus, defendant is certainly "familiar with the criminal justice system." Spencer, 836 F.2d at 240.
 
 E.
 
 26
 Fifth, "although the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal, the district court may consider potential prejudice in exercising its discretion in considering the motion." Id. 836 F.2d at 240. See also Alexander, 948 F.2d at 1004. Here, the government's plea offer to defendant Christopher was made conditional on co-defendant Hopson also pleading guilty. Pursuant to the terms of the plea offer, the government did not seek to enhance either defendant's minimum fifteen (15) year sentence as it could have under 18 U.S.C. § 924(e)(1). Therefore, if defendant Christopher were entitled to withdraw his guilty plea, the government would be prejudiced because defendant Hopson has already obtained the benefit of the plea bargain which he would not have received had Christopher not also agreed to plead guilty. See Usher, 703 F.2d at 959 (withdrawal of the guilty plea would have created prejudice to the government because it had been poised to go to trial at the time the plea was taken and because appellant received the benefit of his bargain).
 
 III.
 
 27
 In summarizing our decision, we find helpful the reasoning of the Third Circuit that:
 
 
 28
 The district court retains a great deal of discretion to deny a withdrawal motion. A simple shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to force the government to incur the expense, difficulty and risk of trying a defendant, who has already acknowledged his guilt before the court.
 
 
 29
 We do not take lightly the right which every defendant possesses to have the protective cloak of innocence removed by trial. Nonetheless, the situation is different when the cloak has been shed voluntarily and knowingly before the court. The defendant must then not only reassert his innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.
 
 
 30
 United States v. Jones, 979 F.2d 317, 318 (3d Cir.1992). Christopher has not met this burden. We conclude that the decision of the District Court, denying defendant's motion to withdraw his guilty plea, was a proper exercise of its discretion.
 
 
 31
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 18 U.S.C. § 924(e)(1) provides in pertinent part:
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ... and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 [2]
 Christopher asserts that the government made a plea offer to defense counsel on Saturday, January 4, 1992. Defendant's counsel was involved in another criminal trial during this time, and because of defendant's incarceration was unable to discuss plea negotiations with the defendant until the morning of January 9, 1992 (the date defendant's trial was scheduled to begin)