998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Michael A. LEMERY, Defendant-Appellant.
 No. 93-5055.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1993.
Decided: July 19, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-91-126)
 Thomas G. Dyer, Clarksburg, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael A. Lemery appeals from an order of the district court denying his motion to withdraw his guilty plea to manufacturing marijuana, 21 U.S.C.A. § 841 (West 1981 & Supp. 1993). He also challenges his sentence on due process grounds, alleging that the one plant/one kilogram equivalence prescribed in § 841(b)(1)(B) and guideline section 2D1.1(c)* lacks a rational basis. We affirm the district court in both respects.
 
 
 2
 A search warrant was executed at Lemery's home in September 1991 after a workman reported seeing marijuana plants growing in the basement. A total of 419 marijuana plants were found growing both outside the house and in an indoor grow room. Thirty-odd ounces of marijuana were found packaged in plastic bags containing one or two ounces each and marked as to weight. In November 1991, Lemery and his wife were indicted on three drug charges; in addition, the government sought forfeiture of some of their property.
 
 
 3
 Around the date of the search, Lemery and his wife began drug counseling and treatment. In December 1991, Mrs. Lemery was admitted to a hospital for a few days because of depression and suicidal indications. In April 1992, Lemery and Mrs. Lemery executed separate plea agreements with the government under which Lemery pleaded guilty to Count Two, manufacture of marijuana, and agreed to forfeiture of the property described in the indictment, while the charges in the indictment against Mrs. Lemery were dismissed. The agreements specified that each defendant would plead guilty to a tax charge to be determined after interviews with agents of the Internal Revenue Service. The couple appeared together in the district court, and pursuant to Fed. R. Crim. P. 11, the district court conducted a thorough inquiry of both defendants, during which Lemery mentioned that an important motivation for his plea was that the government had offered lenient treatment for his wife in return for his plea. The district court deferred acceptance of the pleas until after preparation of the presentence report because of the expected additional tax charges. However, in a subsequent order, the court made a tentative finding that Lemery's guilty plea was entered voluntarily.
 
 
 4
 No tax charge was ever filed against Lemery. The presentence report was prepared in June 1992. At the end of December 1992, before his sentencing, Lemery filed a motion to withdraw his guilty plea, alleging that at the time of the plea he was under such extreme mental, emotional and psychological stress that he was unable to enter a voluntary plea.
 
 
 5
 At an evidentiary hearing on the motion to withdraw, Lemery argued that the government had failed to disclose a material term of his agreement at the Rule 11 hearing, namely, that leniency for his wife was conditioned on his entering a plea of guilty. Lemery argued that he had been so concerned about his wife's welfare that he was unable to make a knowing and voluntary decision to give up his right to a jury trial. Defense counsel explained that Lemery had only recently recognized that his guilty plea was involuntary.
 
 
 6
 In support of his motion, Lemery offered the testimony of Mimmie Byrne, the social worker who counseled him and his wife about their drug problems. Ms. Byrne testified that she usually saw Lemery and his wife weekly in the period following their indictment, and that she was still treating Lemery. Her appraisal of Lemery's state of mind focused on his drug dependence. Although she had been aware of the Lemerys's legal situation, Ms. Byrne had not paid close attention to its progress, and did not recall whether Lemery had entered his guilty plea solely for his wife's benefit. She did recall that he had been concerned about his wife's welfare. She stated that in the period prior to the entry of his plea Lemery's "decision-making powers were dramatically affected" by his position. However, when asked whether Lemery's ability to make decisions was so affected that he could not have voluntarily entered a guilty plea, Ms. Byrne responded, "I am not sure of the exact definition ... of what legally voluntarily is. I am concerned about his ability to make that decision based on the situation that he was in."
 
 
 7
 A defendant seeking to withdraw a plea of guilty must demonstrate a fair and just reason for withdrawal. Fed. R. Crim. P. 32(d). We review the district court's denial of the motion to withdraw for abuse of discretion. United States v. Moore, 931 F.2d 245 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S. 1991).
 
 
 8
 The relevant factors set out in Moore, 931 F.2d at 248, either weigh against Lemery or are neutral, as the district court found. He made no credible assertion of innocence; there was a delay of eight months between his plea and his motion to withdraw; he had the close assistance of competent counsel. Lemery's evidence of involuntariness is unpersuasive. First, Lemery himself advised the court at the Rule 11 hearing that he was pleading guilty largely to gain lenient treatment for his wife. In addition, he indicated that he had suggested the idea to his attorney, which severely undercuts his contention that he was forced into his plea agreement. Further, Lemery's wife was hospitalized for several days in December 1991 because of her depression and suicidal tendencies, but the plea agreement was not entered into until April 1992. Lemery's decision to plead was not made in haste, therefore, and the plea was not entered until well after Mrs. Lemery was out of the hospital and receiving treatment for her depression. Second, the testimony of Ms. Byrne did not provide conclusive evidence that Lemery was mentally incapable of entering a voluntary plea.
 
 
 9
 Finally, a promise of leniency for a third party is a legitimate tool of plea bargaining, and a guilty plea made to obtain lenient treatment for a third party is not invalid as long as it is otherwise shown to be voluntary. United States v. Usher, 703 F.2d 956 (6th Cir. 1983); accord Politte v. United States, 852 F.2d 924 (7th Cir. 1988); Harman v. Mohn, 683 F.2d 834 (4th Cir. 1982); United States v. Tursi, 576 F.2d 396 (1st Cir. 1978). With this kind of plea arrangement, special care must be taken to determine voluntariness. United States v. Morrow, 914 F.2d 608 (4th Cir. 1990). Coercion may be present if (1) the promise of lenience is a promise not to charge a third party when the government actually lacks probable cause to charge that person, see Harman, 683 F.2d at 837, or (2) if the defendant demonstrates reluctance to enter a guilty plea, and does so only because of pressure from the third party. See United States v. Daniels, 821 F.2d 76, 80 (1st Cir. 1987). Neither circumstance is present here. Lemery's wife had already been indicted. At the Rule 11 hearing, Lemery explained that he was pleading guilty in large part to keep his wife out of prison; however, his other answers to the district court's inquiry disclosed that he was entering his plea willingly. Therefore, the district court did not abuse its discretion in finding that Lemery failed to demonstrate a fair and just reason for withdrawal of his plea.
 
 
 10
 Lemery asks us to reconsider our decision in United States v. Underwood, 970 F.2d 1336 (4th Cir. 1992), that the one plant/one kilogram sentencing scheme used in § 841(b)(1)(B) and guideline section 2D1.1(c) does not violate due process. We decline to do so.
 
 
 11
 Accordingly, we affirm the district court's denial of Lemery's motion to withdraw his guilty plea, and we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)