**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leroy KIRKLAND, Defendant-Appellant.**

**No. 77–1698.**

United States Court of Appeals,
Sixth Circuit.

Submitted June 19, 1978.

Decided July 7, 1978.

William P. Greenway, St. Clair Shores, Mich., for defendant-appellant.

James K. Robinson, U.S. Atty., Ellen G. Ritteman, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and ENGEL, Circuit Judges.

PER CURIAM.

Leroy Kirkland appeals from his conviction on his plea of guilty to a charge of aiding and abetting in the robbery of a postal employee, in violation of 18 U.S.C. §§ 2, 2112. By stipulation of the parties the appeal was submitted on briefs without oral argument.

Kirkland entered a plea of guilty before District Judge Philip Pratt on December 27, 1976, while represented by counsel. The record shows that the district court complied fully with Fed.R.Crim.P. 11.

The guilty plea was entered following extended plea bargaining between defense counsel and an Assistant United States Attorney. The agreement was summarized by the district court as follows:

[T]hat defendant would receive a mandatory 15 year sentence; he would not be prosecuted for other crimes to which he confessed; the United States Attorney's Office would recommend that state charges be dropped and other federal prosecutions in other districts not ensue; defendant would remain in federal custody and he would testify in other cases.

Before the guilty plea was entered, there was considerable discussion as to whether Kirkland would receive a mandatory maximum sentence of fifteen years or a discretionary sentence up to fifteen years. The United States Attorney insisted upon a mandatory fifteen year maximum sentence. Government counsel reiterated that nothing less than a mandatory fifteen year maximum sentence would be agreed to by the Government, but advised Kirkland that the plea agreement need not be accepted by him and he could have a trial if he chose. After a recess and a conference with his attorney, Kirkland decided to accept the agreement and entered a plea of guilty.

Thereafter Kirkland filed a motion to withdraw his guilty plea. This motion was denied by the district court after an evidentiary hearing. On appeal Kirkland contends that he did not knowingly and intelligently enter a plea of guilty and that the Government breached the plea bargaining agreement. The district court made the following findings of fact, which are fully supported by the record:

A review of the voir dire of defendant at the time of the plea demonstrates amply that not only was the defendant aware of the mandatory 15 year provision, but that he understood it fully and accepted it freely.

Under such circumstances it is difficult to accept defendant's contention that he did not understand the consequences of his plea. On the contrary, it appears from his own testimony that the defendant, beginning with his initial contact with federal authorities, a contact he initiated, was attempting to negotiate the very best deal he could in view of the number of violations and their cumulative effect, his own safety and his desire to serve his time in a federal institution. The defendant is not novice to the criminal law. Defendant has previously com-

mitted seven felonies and has been returned on four of them as a parole violator. He is knowledgeable and shrewd. This attempt to avoid his agreement cannot be viewed as other than a dilatory tactic or a strategy to attempt to obtain an even better deal.

The district court imposed a sentence of fifteen years, under the provisions of 18 U.S.C. § 4205(b)(2).

It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court. Fed. R.Crim.P. 32; *United States v. Morrow*, 537 F.2d 120, 145–47 (5th Cir. 1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); *United States v. Crowley*, 529 F.2d 1066, 1071 (3d Cir.), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976); *United States v. Needles*, 472 F.2d 652, 655–56 (2d Cir. 1973). *Cf. United States v. Cunningham*, 529 F.2d 884, 888 n.2 (6th Cir. 1976); and *United States v. Carabbia*, 512 F.2d 34, 36 (6th Cir. 1975); *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir.), *cert. denied*, 404 U.S. 864, 92 S.Ct. 53, 30 L.Ed.2d 108 (1971).

It is to be emphasized that the sentence imposed in the present case was the result of a plea bargaining agreement to which Kirkland consented. The Supreme Court has recognized that "the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977). *See also Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

The judgment of conviction is affirmed.