871 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven W. HOMA, Kenneth D. Durrum, and Harvey R. Durrum,
Defendants-Appellants.
 Nos. 88-5871 to 88-5873.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1989.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges and GEORGE C. SMITH,* District Judge.
 PER CURIAM.
 
 
 1
 Steven Wayne Homa, Kenneth Dale Durrum and Harvey Russell Durrum appeal their sentences for violation of federal drug laws. The three were arrested on February 2, 1988 in Lexington, Kentucky during an attempt to sell 2.36 pounds (1 kilogram) of cocaine to a Drug Enforcement Administration agent working undercover. Homa, Durrum, Durrum and Janice Gayle Goins, an accomplice, were indicted the following day.
 
 
 2
 Steven Homa pled guilty to a charge of conspiracy, 21 U.S.C. Sec. 846. Kenneth Durrum also pled guilty to conspiracy and to the use of a firearm in the course of committing a felony, 18 U.S.C. Sec. 924(c). Harvey Durrum was initially tried and convicted on all four counts in his indictment. A new trial was granted on July 1, 1988 when it was discovered that the court had erroneously allowed a dictionary to be used by the jury in its deliberations. Shortly thereafter, Homa filed a motion to withdraw his guilty plea. On July 11, 1988, before a new trial was begun, Harvey Durrum pled guilty to conspiracy and to use of a firearm in the commission of a felony. The court also denied Homa's motion to withdraw his guilty plea the same day.
 
 
 3
 The district court sentenced the three defendants on July 22, 1988 under the new Sentencing Guidelines. 18 U.S.C. Sec. 3551 et seq. (1982 ed., Supp. IV) and 28 U.S.C. Secs. 991-998 (1982 ed., Supp. IV). On appeal defendants argue that the guidelines are unconstitutional as the product of an excessive delegation of legislative power to the United States Sentencing Commission. Defendants also argue that the guidelines violate the separation of powers doctrine. In light of the Supreme Court's opinion in Mistretta v. United States, 109 S.Ct. 647 and our opinion in United States v. Perez, --- F.2d --- (6th Cir.1989) 88-3409 which upheld the Sentencing Guidelines against excessive delegation and separation of powers challenges, we reject these challenges.
 
 
 4
 In addition to these challenges, Homa and Harvey Durrum argue that the guidelines deny them due process of law by severely restricting the use of probation as a sentence. Homa and Kenneth Durrum also attack their classification as "organizers" in their respective Presentence Investigation Reports. Moreover, Homa argues that the district court failed to grant his motion to withdraw his guilty plea. We find none of these challenges to be persuasive and so we affirm appellants' sentences in their entirety.
 
 
 5
 Homa argues that the district court improperly failed to grant his motion to withdraw his guilty plea. "It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court." United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978) (per curiam). The burden is on the defendant to establish a "fair and just reason" why his plea should be withdrawn. United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). "The decision of the district court to deny a motion for plea withdrawal should be sustained unless the court has abused its discretion." United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (citations omitted).
 
 
 6
 In Spencer, this court found that "[t]here are several factors a district court may consider when evaluating whether a defendant has established a 'fair and just' reason to withdraw his guilty plea." 836 F.2d at 238-39. Among the factors a court may consider are (1) the length of time between the guilty plea and the filing of the motion to withdraw it (2) the reasons, if any, why the grounds for withdrawal were not presented to the court at some time earlier in the proceedings (3) whether the defendant has asserted and maintained his innocence (4) whether the defendant was familiar with the criminal justice system and the practice of bargains, pleas and concessions and (5) whether withdrawal would prejudice the government. Id. at 239-40. When these factors are considered in the context of this case it is apparent that the district court did not abuse its discretion in denying Homa's motion.
 
 
 7
 Homa and Kenneth Durrum also argue that they should not have been classified as "organizers" in their Presentence Investigation Reports and that it was arbitrary for the district court to consider them as such. Under section 3B1.1(c) of the guidelines, a defendant's offense level is increased "if the defendant was an organizer, leader, manager, or supervisor...." The commentary to this section suggests that when a court classifies a defendant it should consider his decision making authority, his degree of participation in planning and organizing the crime, his control over and recruitment of accomplices, his share in the profits, and the nature of his participation in the illegal activity. The facts of this case show that both Homa and Kenneth Durrum were more than mere "go-betweens" or couriers in this deal to sell cocaine. On the contrary, it appears that Homa was the defendant who put the whole transaction together. Kenneth Durrum, it seems, was also a major participant in the deal, one who carried a firearm with him during the attempted sale of cocaine. The specific classification of an individual as an actor within a criminal scheme will always be open to question. This court will not, however, overturn the district court's classification of a defendant except where such a finding is clearly erroneous.
 
 
 8
 Kenneth Durrum also argues that the district court failed to consider certain mitigating factors when it sentenced him. These factors include Durrum's youth, his dependent wife and child, his ties to the community, and his cooperation with the district court. Section 5K2.0 of the guidelines authorizes departure from the other rules of the guidelines when the district court determines that the circumstances so warrant. This decision, however, is within the discretion of the district court. See United States v. Perez, --- F.2d ---- (6th Cir.1989) 88-3409. Because we do not find any abuse of discretion, we cannot say that the district court should have been persuaded by these considerations.
 
 
 9
 Finally, Homa and Harvey Durrum argue that the guidelines improperly restrict the use of probation as a sentence in violation of 18 U.S.C. Sec. 3561 and that they are thereby denied certain due process rights. This argument is specious. First, a defendant has no fundamental right to probation. Rather, under 18 U.S.C. Sec. 3561 the sentence of probation is discretionary on the part of the sentencing court. The guidelines do not eliminate the possibility of probation. The effect of the guidelines may be to reduce the use of probation without confinement, but this does not mean that Homa and Durrum are denied due process.
 
 
 10
 For the reasons stated above, the judgment of the district court is affirmed.