963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathaniel HALL, Defendant-Appellant.
 No. 91-1214.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before NATHANIEL R. JONES, BOGGS, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals his conviction and sentence imposed pursuant to his plea of guilty to possession with intent to distribute heroin and carrying a firearm during a drug trafficking crime. For the reasons that follow, we affirm.
 
 
 2
 * On May 7, 1990, at approximately 8:15 p.m., Detroit Police Department narcotics officers executed a state search warrant at 3304 West Boston in Detroit, Michigan. The officers observed Hall, who had been previously convicted on two separate occasions for second-degree murder, drop a .38 caliber revolver on the floor. Upon his arrest, the officers found nineteen individual packets of heroin in Hall's possession.
 
 
 3
 On September 18, 1991, an indictment was returned against Hall in the Eastern District of Michigan, charging him with possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (1988), using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1988) (current version at 18 U.S.C.A. § 924(c) (West Supp.1991)), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). On November 30, 1991, Hall pleaded guilty to two of the counts pursuant to a written Rule 11 plea agreement. Prior to sentencing, Hall filed a motion to withdraw his guilty plea, and the government filed a response. The district court conducted an evidentiary hearing on February 7, 1991 and denied the motion. Following the denial of the motion to withdraw his guilty plea, Hall was sentenced to 228 months pursuant to the Rule 11 plea agreement, consisting of consecutive terms of 168 months as to count one, possession with intent to distribute heroin, and 60 months as to count two, use of a firearm during a drug trafficking crime.
 
 
 4
 On February 12, 1991, Hall, through his district court counsel, filed a timely notice of appeal. Two months later, on April 8, 1991, defendant Hall, without an attorney, filed a petition for the removal of counsel and appointment of new counsel. Hall's district court attorney filed a response indicating that he would not oppose the court appointing a new attorney in light of Hall's allegations of ineffective assistance of counsel. On May 22, 1991, the district court, without addressing the merits of any potential ineffective assistance of counsel claims, "reluctantly" granted defendant's motion, and the Federal Defender Office was appointed. J.A. at 59.
 
 
 5
 On October 22, 1991, over eight months after the notice of appeal was filed, Hall filed a motion for a new trial, based upon ineffective assistance of counsel, with the district court. Counsel for the United States filed a response, indicating that the district court did not have jurisdiction to consider the matter. On November 8, 1991, the district court denied the motion on the basis of lack of jurisdiction.
 
 II
 
 6
 Hall contends that the district court erred in denying his motion to withdraw his guilty plea. He contends that his guilty plea was not voluntary for two reasons. First, Hall claims that he did not know his true sentencing range under the plea bargain. Specifically, he claims to have thought that his sentencing range was from 168 months to 228 months, including the mandatory five-year (60-month) sentence for the firearm count. In fact, the work sheet attached to the Rule 11 plea agreement listed Hall's guideline range as 168 to 210 months with a mandatory consecutive five-year (60-month) sentence as required by 18 U.S.C. § 924(c). Hall contends that his guilty plea was not voluntary also because it was induced by his erroneous belief that he faced enhancement as an armed career criminal and a career offender if he was convicted of any of the charged offenses at trial. Thus, Hall believed that his guilty plea actually reduced his criminal liability.
 
 
 7
 Granting of a withdrawal of a guilty plea is a matter left to the discretion of the district court and reviewed under the abuse-of-discretion standard. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). In United States v. Goldberg, 862 F.2d 101 (6th Cir.1988), the Sixth Circuit summarized the various factors that the district court may consider in deciding a motion to withdraw a guilty plea:
 
 
 8
 (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.
 
 
 9
 Id. at 103-04. The district court determined that these factors weighed in favor of denying the motion.
 
 
 10
 A major factor is the length of time that has elapsed between the entry of the guilty plea and the filing of a motion to withdraw it. See United States v. Spencer, 836 F.2d 236, 239 (6th Cir.1987). A motion not promptly filed raises the possibility that the defendant is withdrawing his guilty plea for reasons other than its involuntariness. Rule 32(d) of the Federal Rules of Criminal Procedure is not designed to provide relief for bad choices. Id. (citing United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985)). Here, Hall pleaded guilty on November 30, 1990, at which time sentencing was set for February 7, 1991. He did not file his motion to withdraw the plea until February 4, 1991, almost ten weeks after the entry of the guilty plea and only three days before his sentencing. This time delay supports denial of Hall's motion. See Goldberg, 862 F.2d at 104 (affirming denial of motion filed fifty-five days after plea); Spencer, 836 F.2d at 239 (affirming denial of motion filed five weeks after plea); United States v. Triplett, 828 F.2d 1195, 1198 (6th Cir.1987) (affirming denial of motion filed eighty-four days after plea).
 
 
 11
 A second factor for district courts to consider is whether a defendant was aware of the condition or reason for a plea withdrawal at the time the guilty plea was entered. Spencer, 836 F.2d at 239. Hall claims to have believed that the district court had discretion to sentence him within a certain range, and that 228 months was the maximum sentence within that range. Yet, at sentencing, Hall engaged in the following colloquy with the court:
 
 
 12
 THE COURT: And you understand the maximum sentence is, under the guidelines is two hundred sixty two months, plus sixty--is that sixty months?
 
 
 13
 [PROSECUTOR]: That's correct, Your Honor. That's under 924(c).
 
 
 14
 THE COURT: Okay. So, let's see, and the minimum sentence will be a hundred and sixty eight, plus sixty months, is that it?
 
 
 15
 [PROSECUTOR]: That's correct, Your Honor.
 
 
 16
 THE COURT: Okay. Do you understand that?
 
 
 17
 THE DEFENDANT: Yes, sir.
 
 
 18
 J.A. at 93 (emphasis added). Thus, the record clearly undermines the sincerity of Hall's mistaken belief.
 
 
 19
 A third factor is whether the defendant has asserted and maintained his innocence. This factor is directed mainly to Alford pleas.[1] Nonetheless, courts may consider whether the defendant has admitted guilt. In the instant case, Hall initially pleaded not guilty. Later, however, he withdrew that plea and admitted guilt in open court:
 
 
 20
 THE COURT: Mr. Hall, you're pleading guilty to the charge of possession with the intent to distribute heroin and the use of a firearm during drug trafficking because you are guilty?
 
 
 21
 THE DEFENDANT: Yes.
 
 
 22
 THE COURT: And [your counsel] has read the charges to you, and explained them, and you understand them?
 
 
 23
 THE DEFENDANT: Yes, sir.
 
 
 24
 Id.
 
 
 25
 Finally, courts should also consider the circumstances surrounding the plea of guilty and the nature and background of the defendant. In cases in which the defendant is "knowledgeable and shrewd," the likelihood is greater that the withdrawal is for tactical reasons. United States v. Kirkland, 578 F.2d 170, 172 (1978). The district court placed great weight upon this factor:
 
 
 26
 And Mr. Wishnow [defendant's counsel], you know, I've been in this business a long time. We've got a, we've got a petitioner here who, you know, has been convicted of two murder charges and has served a lot of time. As you've indicated, he spent a lot of time in prison. I don't know of anybody that's more aware of the criminal justice system than people such as the defendant. In fact, I've said many times they know more about criminal law than most of the lawyers walking around. So I think he's very knowledgeable.
 
 
 27
 I think he feels now he did make a bad choice, but that's not a reason for withdrawing a plea some, what, nine weeks after the plea was taken.
 
 
 28
 And all these other matters that he talks about, you know, when he's sitting there and he's been incarcerated, I don't know what else he's got to do except think about that plea. He could have changed his mind immediately, then I might have considered it. But it's nine weeks.
 
 
 29
 He's thirty nine years old. He's got two years of college. There's no question that he's articulate. Even in presenting what he's presented today, you know, I think he's very knowledgeable. I think he's sharp. I think he's very street wise, too. I don't think there's any question about that. So I'm going to deny the motion.
 
 
 30
 J.A. at 105-06. Thus, in light of all the relevant factors, the record does not demonstrate that the district court abused its discretion in denying Hall's motion to withdraw his guilty plea.
 
 III
 
 31
 Hall contends also that he received ineffective assistance of counsel. His contention has two parts. First, Hall claims that his erroneous beliefs regarding sentencing were the result of erroneous information provided by his counsel. Second, Hall claims that counsel was ineffective because counsel failed to investigate potential defense witnesses. The reviewing court will not consider, however, a claim of ineffective assistance of counsel that is raised for the first time on appeal. See, e.g., United States v. Martin, 920 F.2d 345, 349 (6th Cir.1990), cert. denied, 111 S.Ct. 2038 (1991).
 
 
 32
 * Hall contends that he entered into the plea agreement based on erroneous information provided by his counsel. This contention was not, however, presented to the court below. Hall's affidavit supporting his motion to withdraw his guilty plea alleged only the following claims of error:
 
 
 33
 A. Affiant believed that the sentence range that the Court had within which to exercise its discretion was between 168 months and 228 months, and did not understand that although the sentencing maximum is 228 months there would have to be a specified departure as outlined by the sentencing guidelines to warrant a sentence under 228 months.
 
 
 34
 B. Affiant erroneously believed that to be sentenced as a career offender under the sentencing guidelines, being 4B1.1, he could be convicted of either the possession with intent to distribute heroin charge or the felon in possession charge and did not understand that career offender guidelines would apply only if he was convicted of a controlled substance offense.
 
 
 35
 J.A. at 34-35. Although the affidavit contains allegations regarding certain erroneous beliefs, it does not contain allegations that defendant's counsel was the source of those erroneous beliefs. Accordingly, Hall cannot now maintain that his motion to withdraw his guilty plea constituted sufficient notice to the district court that he was claiming ineffective assistance of counsel.
 
 
 36
 Hall explicitly raised his claim of ineffective assistance of counsel for the first time in his pro se petition for removal of counsel and appointment of new counsel. The district court "reluctantly" granted the motion, id. at 59, but did not conduct an evidentiary hearing with respect to the claim of ineffective assistance of counsel. When Hall's newly appointed counsel moved for new trial based on ineffective assistance of counsel, the district court denied the motion for jurisdictional reasons--that is, the notice of appeal had already been filed. Thus, the record clearly reveals that the district court never considered Hall's claim of ineffective assistance.
 
 
 37
 Hall may have an effective claim. In Hart v. Marion Correctional Institution, 927 F.2d 256 (6th Cir.), cert. denied, 112 S.Ct. 70 (1991), we held that a defendant's guilty plea was not entered with a sufficient awareness of the relevant circumstances and likely consequences when both the trial judge and the defendant's attorneys erroneously described his maximum sentence. Id. at 259. Nevertheless, "this court declines to consider the claim of ineffective assistance of counsel for the first time on appeal." United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990). Hall may raise this issue in a motion to the district court pursuant to 28 U.S.C. § 2255 (1988).
 
 B
 
 38
 Hall claims also that his district court attorney was ineffective in not making a certain witness available. In his motion to withdraw his guilty plea, however, Hall made no reference, in either his affidavit attached to the motion or the motion itself, to a witness not being made available. Nor did he, at the hearing on the motion, make any reference to his attorney not making a witness available. Even in his petition for a new attorney, defendant made no reference to his district court attorney not making a witness available.
 
 
 39
 Because defendant's claims of ineffective assistance of counsel were not properly made in the district court, they are not subject to review on direct appeal. United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989). Defendant's remedy, if any, must lie in a collateral proceeding.
 
 IV
 
 40
 For the foregoing reasons, Hall's conviction and sentence are AFFIRMED in all respects.
 
 
 
 [1]
 In North Carolina v. Alford, 400 U.S. 25, 31-32, 37 (1970), the Supreme Court upheld the validity of a plea voluntarily given by a defendant who refused to admit any participation in the crime and continuously protested his innocence although the record contained strong evidence of his guilt