968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelly Ann CLARK, Marrie Miller, Defendants-Appellants.
 Nos. 91-2070, 91-2107.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendants Kelly Clark and Marrie Miller appeal their sentences and convictions entered pursuant to guilty pleas on charges of conspiracy to possess with intent to distribute LSD, distribution of LSD, and use of a communication facility to facilitate the conspiracy. Defendants claim that the court erroneously calculated the amount of LSD involved in relevant transactions in that the weight used for sentencing guideline purposes included the weight of the carrier medium. Defendants also claim that the District Court abused its discretion when it denied their motions to withdraw the guilty pleas. We REMAND the case to the District Court for a further finding of fact indicated below and AFFIRM the decision of the District Court in all other respects.
 
 I.
 
 2
 Defendants were indicted by a grand jury on charges of conspiracy to possess LSD with intent to distribute and conspiracy to distribute LSD in violation of 21 U.S.C. § 846, with Miller indicted as well on counts of distribution of LSD under 21 U.S.C. § 841(a)(1) and use of a communication device to facilitate a drug trafficking crime under 21 U.S.C. 843(b).
 
 
 3
 On July 25, 1990, the government filed a Notice of Enhanced Penalties. A status conference was held September 6, 1990 at which counsel for defendants informed the court, at that time Judge Churchill, that they intended to raise an entrapment defense. In November 1990, however, following reassignment of the case to Judge Cleland, both defendants pled guilty to the conspiracy count pursuant to a Rule 11 agreement. The agreements provided that at sentencing the government would move to dismiss the remaining counts and that the court would grant a two-point reduction for acceptance of responsibility under the sentencing guidelines. The presentence reports prepared subsequent to the pleas indicated a guideline range sentence of 121 to 151 months for both defendants.
 
 
 4
 On March 5, 1991, following the issuance of the District Court's tentative finding that Clark should be sentenced within the guideline range recommended, Clark orally moved to withdraw her plea and for appointment of new counsel. A written notice to withdraw the plea was filed eight days later. Miller filed a motion to withdraw her plea on March 22, 1991. A joint hearing was held concerning the motions to withdraw the pleas. Judge Cleland found that the taking of the pleas were not defective in any way, that the motions for withdrawal were not timely, and that no good reason supported the motions.
 
 
 5
 Defendants were sentenced to 121 months confinement, five years of supervised release, and fines and assessments. Timely appeals were filed by both defendants.
 
 II.
 
 6
 In calculating a sentence for a drug-related crime under the Sentencing Guidelines, the court must calculate the weight of the controlled substance. Defendant Clark contends that the judge improperly included the weight of the tablets serving as a carrier medium for the LSD when determining the weight of the controlled substances in this case.
 
 
 7
 The Supreme Court, in Chapman v. United States, 111 S.Ct. 1919 (1991), held that blotter paper, customarily used to distribute LSD, was a "mixture or substance containing a detectable amount" of LSD. Thus, Congress intended that the entire weight of the mixture be used to determine the appropriate sentence. The analysis of Chapman is dispositive on this issue.
 
 III.
 
 8
 The defendants also appeal the denial of their motions to withdraw the guilty pleas. The denial of such a motion is subject to review for abuse of discretion. United States v. Stephens, 906 F.2d 251 (6th Cir.1990).
 
 
 9
 Federal Rule of Criminal Procedure 32(d) allows the withdrawal of a plea of guilty before the sentence is imposed "upon a showing by the defendant of any fair and just reason." If a defendant knowingly and intelligently enters into a guilty plea, the withdrawal of that plea is not an absolute right but rather is within the discretion of the district court. United States v. Kirkland, 578 F.2d 170 (6th Cir.1978). The Notes of the Advisory Committee on Rules, Federal Criminal Code and Rules (West 1987) provide some guidelines for determining if a denial of a motion to withdraw violates the "fair and just" standard established by Rule 32(d). According to the Notes, the court may consider the amount of time that elapsed between the plea and the motion to vacate, whether the defendant presents a valid reason for failing to present the grounds for withdrawal at an earlier point in the proceeding, and finally whether the movant has asserted his or her legal innocence. United States v. Goldberg, 862 F.2d 101 (6th Cir.1988); United States v. Spencer, 836 F.2d 236, 238-39 (6th Cir.1987). Under the analysis suggested in Goldberg and Spencer, it is significant that the defendants delayed almost four months before seeking to withdraw their pleas. This exceeds the time frame ordinarily considered appropriate for motions to withdraw or vacate. United States v. Alexander, 948 F.2d 1002 (6th Cir.1991), cert. denied, 112 S.Ct. 1231 (1992); Spencer, 836 F.2d at 236; United States v. Carr, 740 F.2d 3339 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985).
 
 
 10
 Clark argues that she believed that the guilty plea had only been taken under advisement and that the plea was not yet accepted by the court. Thus, she did not believe there was a reason to move to withdraw the plea. The record clearly indicates, however, that the pleas were accepted at the time of the plea hearing. The judge stated at the end of the hearing, after asking questions to verify the defendants' understanding of the plea and their state of mind:
 
 
 11
 As to [Marrie] Miller, the Court finds that the elements of the offense to which this defendant has offered a plea of guilty have been made out by the defendant's own statements in open Court and the plea is accepted.
 
 
 12
 As to Kelly Clark, the Court finds that the elements of this offense to which the defendant has pleaded guilty have been made out by the defendant's own statements in open Court, and a guilty plea is accepted.
 
 
 13
 These statements give the defendants no grounds for claiming that they believed the court had taken the pleas under advisement.
 
 IV.
 
 14
 Miller raises as an additional justification for allowing the withdrawal of her plea under Goldberg and Spencer that she should be allowed to present a defense of entrapment. If a defendant has reason to know of a defense or explanation justifying a withdrawal of a plea at the time the plea is made, the case for allowing the withdrawal is weaker. United States v. Usher, 703 F.2d 956 (6th Cir.1983). As defendants have indicated to the court in brief and at oral argument, defendants were aware of--and, in fact, had indicated the intention to assert--the entrapment defense as early as September 6, 1990.
 
 
 15
 Defendants mentioned the possibility of an entrapment defense only while the case was before Judge Churchill, however, and the record does not disclose whether Judge Cleland was aware of such statements. Thus, the possibility exists that Judge Cleland's application of the Goldberg and Spencer standard to deny defendants' motion to withdraw their guilty pleas might have been affected by his belief that the entrapment defense was being advanced solely because of disagreement with the sentence or for delay. For this reason, we REMAND the case to the District Court for a finding on the issue of whether knowledge of defendants' previously stated intention to assert an entrapment defense would cause it to change its discretionary ruling on defendants' motions to withdraw their guilty pleas. In all other respects, the decision of the District Court is AFFIRMED.