992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Katherine NICHOLS, Defendant-Appellant.
 No. 92-3567.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Katherine Nichols, appeals her conviction for conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i)(2). The issue is whether the district court abused its discretion in refusing to allow defendant to withdraw her guilty plea pursuant to Fed.R.Crim.P. 32(d). For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 Defendant distributed heroin between January 1988, and August 1991. In the spring of 1991, Columbus police narcotics Sergeant Gregory Kulis met Erlene Gore who indicated that she could obtain heroin for Kulis. Through his dealings with Gore, Kulis learned that Gore was a heroin user who acquired heroin from defendant. In May 1991, Gore arranged two separate sales of heroin to Kulis. Kulis would pick up Gore at a predetermined location and then meet a supply source at various Columbus parking lots. Defendant met them on these two occasions. There were six subsequent sales of heroin to Kulis by intermediaries for Nichols between May and July 1991. In addition, defendant used drug trafficking proceeds to purchase a home, which was titled in her son's name.
 
 
 3
 After pleading guilty, pursuant to a plea agreement, defendant moved to withdraw her guilty plea, asserting that she had been misled as to the strength of the government's case against her and that she had consistently maintained her innocence of drug trafficking prior to May 1991, specifically during 1988 and 1989. The district court denied the withdrawal motion and sentenced defendant to a 120-month term of imprisonment.
 
 II.
 
 4
 Defendant argues that she should have been allowed to withdraw her guilty plea because Kulis had no direct evidence as to the extent or duration of her drug activities, even though Kulis testified at the preliminary hearing that he had confidential information relating to her illegal drug activity dating back to 1987. Defendant further asserts that she would not have agreed to the plea bargain if she had not been misled by Kulis' testimony.
 
 
 5
 At the change of plea hearing, the following exchange occurred:
 
 
 6
 THE COURT: Ms. Nichols, has anyone made any other or different promises or assurances of any kind that caused you to plead guilty?
 
 
 7
 NICHOLS: None.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 THE COURT: And have you been subjected to any threats or force or any pressure of any kind that caused you to plead guilty?
 
 
 11
 NICHOLS: No.
 
 
 12
 THE COURT: Is your decision to plead guilty your own free and voluntary act?
 
 
 13
 NICHOLS: Yes.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 THE COURT: Is it true then that you were involved in a conspiracy or an illegal agreement with one or more persons to engaged [sic] in the distribution and in the possession with the intent to distribute heroin?
 
 
 17
 NICHOLS: Yes.
 
 
 18
 THE COURT: During the period of time mentioned in the superseding indictment, is that correct?
 
 
 19
 NICHOLS: Yes.
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 THE COURT: Is it also true that you participated in this financial transaction involving the purchase of the residence at 355 Brice Road in such a way as to conceal the fact that the proceeds of your drug-dealing activities were being used to purchase this residence?
 
 
 23
 NICHOLS: Yes.
 
 
 24
 THE COURT: Are you offering to plead guilty here this morning because you are in fact guilty of these two offenses?
 
 
 25
 NICHOLS: Yes.
 
 Fed.R.Crim.P. 32(d) provides that
 
 26
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 27
 The district court has broad discretion to grant the withdrawal of a guilty plea. United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978). "In determining whether there is a fair and just reason to grant a motion to withdraw a plea, the district court must review all circumstances surrounding the original entrance of the plea as well as the motion to withdraw." United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). The factors which a court must consider in determining whether to permit the withdrawal of a guilty plea are: (1) the length of time between the entry of the plea and the withdrawal motion; (2) the reasons why the grounds for withdrawal were not presented at an earlier time; (3) whether a defendant has maintained innocence; (4) the circumstances underlying the entry of the guilty plea, the nature and background of the defendant, and whether the defendant has admitted guilt; and (5) potential prejudice to the government. United States v. Spencer, 836 F.2d 236, 238-40 (6th Cir.1987).
 
 
 28
 Defendant argues that: (1) the grounds for withdrawal were not known until Kulis was unable to substantiate or corroborate his prior sworn testimony at her son's trial; (2) as soon as these facts were known, she moved to withdraw her plea; (3) even though she entered a guilty plea, she continually maintained, as evidenced by her objections to the Presentence Report, that she was not involved in illegal drug trafficking in 1988 or 1989; (4) she was pressured to plead guilty, not by threats or force, but by Kulis' unsubstantiated testimony.
 
 
 29
 The district court, however, did not abuse its discretion in determining that defendant had not shown a fair and just reason to withdraw her plea because: (1) the amount of time that elapsed, which included the entering of the plea, the presentence investigation report, the setting of the sentencing date, and the acquittal of Nichols' son, mitigated against the granting of the withdrawal motion; (2) defendant did not consistently maintain her innocence; (3) the underlying circumstances supported the guilty plea; and (4) defendant freely and voluntarily admitted her guilt.
 
 
 30
 AFFIRMED.