7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos OSORIO, Defendant-Appellant.
 No. 92-4178.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1993.
 
 Before: MILBURN and NELSON, Circuit Judges; and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Carlos Osorio appeals the district court's denial of his motion to withdraw his guilty plea to one count of conspiracy to possess controlled substances with intent to distribute in violation of 21 U.S.C. § 846. On appeal, the sole issue is whether the district court abused its discretion in denying defendant's motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On October 17, 1991, a federal grand jury issued an eighteen-count indictment charging defendant, and seven co-defendants, with conspiracy to possess controlled substances with intent to distribute and various other drug offenses, all in violation of 21 U.S.C. §§ 841, 843, and 846. At his arraignment on November 7, 1991, defendant Osorio pled not guilty. Trial was scheduled to commence on June 1, 1992.
 
 
 3
 On the morning of June 2, 1992, the district court held a pretrial conference, at which time defendant Osorio requested a continuance of the trial for the purpose of obtaining substitute counsel. Defendant indicated at the conference that he was considering the replacement of his appointed counsel with retained counsel. Defendant was granted time to consult with the possible replacement counsel concerning his case. After more than three hours of discussions between defendant, his appointed counsel, and the other attorney, defendant Osorio indicated that he did not wish to discharge his appointed counsel.[1]
 
 
 4
 Defendant then appeared before the district court, withdrew his not guilty plea, and entered a plea of guilty to count one of the eighteen-count indictment pursuant to a plea agreement with the government under Rule 11 of the Federal Rules of Criminal Procedure. In relevant part, the plea agreement required defendant to plead guilty to a charge of conspiracy to possess heroin in the amount of approximately 84 grams with intent to distribute. Defendant also agreed not to seek a downward departure under the guidelines, and the government agreed not to seek an upward departure from the sentencing guideline range. Further, the defendant agreed that he was to be sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, which resulted in a total offense level of 34 and a criminal history category of six. The plea agreement reduced defendant's offense level from 34 to 32, which resulted in a sentencing guideline range of 210 to 262 months of imprisonment. The parties agreed that the appropriate sentence for defendant was 228 months of imprisonment.[2]
 
 
 5
 The district court conducted a lengthy colloquy with defendant, in English, in order to determine if defendant's guilty plea was entered into knowingly, voluntarily, and intelligently. After the colloquy, the district court accepted defendant's guilty plea and the plea agreement. During the colloquy, defendant demonstrated a degree of fluency with the English language and appeared to have no difficulty comprehending the district court's questions.
 
 
 6
 Defendant's sentencing was initially scheduled for June 29, 1992; however, it was postponed until September 28, 1992. In a letter received by the district court on September 25, 1992, defendant informed the district court that he wished to withdraw his guilty plea on the grounds of ineffective assistance of counsel. At the sentencing hearing on September 28, 1992, defendant orally moved to withdraw his guilty plea and requested the appointment of an interpreter who was fluent in the Spanish language.
 
 
 7
 The court appointed the interpreter. Also, in an order dated September 28, 1992, the district court partially relieved defendant's appointed counsel of his duty to represent defendant during those portions of the proceedings relating to defendant's motion to withdraw his guilty plea on the basis of the ineffective assistance of counsel.
 
 
 8
 A hearing was held on defendant's motion to withdraw his guilty plea on October 20, 1992. At the hearing, defendant's appointed counsel spoke on his behalf. Furthermore, the district court also permitted, over the government's objection, a "jailhouse lawyer"--a fellow prisoner who was incarcerated along with defendant and awaiting sentencing--to speak on defendant's behalf. The "jailhouse lawyer" asserted that he had reviewed the government's evidence against the defendant and that the defendant was innocent. However, upon being questioned by the district judge, the "jailhouse lawyer" seemingly did not understand the difference between direct and circumstantial evidence and was under the mistaken notion that only direct evidence of guilt could have been introduced at trial against the defendant.
 
 
 9
 At the hearing, the defendant, speaking through the interpreter, stated:
 
 
 10
 Yes, I pled guilty simply because my attorney told me that there was no--I didn't have any chance. If I were to go to trial, I would only get--end up getting much more time. Therefore, how would I feel if I go to trial if he--if he's going--if he is the one that's going to handle it and defend me?
 
 
 11
 J.A. 116. Following defendant's statement, his appointed counsel responded to defendant's assertion that he was denied the effective assistance of counsel. Specifically, defense counsel outlined the steps that he had taken to prepare for defendant's trial. He stated that he had reviewed transcripts of tape recordings which the government was going to offer as evidence, that he had seen a video tape which the government possessed, that he had heard tape recordings or read transcripts of tape recordings of the co-defendants in this case, and that he was aware that at least one of the co-defendants was prepared to testify against defendant if his case went to trial.[3]
 
 
 12
 The district judge concluded that there were no grounds to permit the defendant to withdraw his guilty plea, stating:
 
 
 13
 Here's what the probation officer says, "The Defendant was interviewed by this officer at the Lake County Jail June 11, 1992. His English is somewhat limited, but he is able to converse effectively. The Defendant admitted that he was aware of the fact that his co-defendants were dealing in drugs but denies he was directly involved in the trafficking."
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 I gave you an opportunity to withdraw your plea, and now, after you sit in jail, you talk to someone else, who is convicted ... and after everyone enters a plea now, you come up with the suggestion that these people will exonerate you. Those opportunities were available before.
 
 
 17
 I think you've been treated very fairly. Your lawyer, if I could detect that he did not do his job, then I would have granted the request for a new lawyer....
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 I don't believe, and I find accordingly, that there is no basis for withdrawal of the plea, there is no basis for removing your lawyer. He has provided you effective assistance of counsel, and we don't have a system that is going to, every time a person on second thought thinks it's a bad deal, that maybe I could have worked something better, is going to turn on the lawyer and throw the lawyer out. Just because you say you want a new lawyer, just because you say you're not guilty doesn't establish that fact.
 
 
 21
 J.A. 150-52.
 
 
 22
 The district court then sentenced the defendant to 228 months of imprisonment. This timely appeal followed.
 
 II.
 A.
 
 23
 Defendant Osorio argues that the district court abused its discretion in denying his motion to withdraw his guilty plea under Federal Rule of Criminal Procedure 32(d). Rule 32(d) allows a motion to withdraw a guilty plea made before the imposition of sentence; it provides in relevant part that, "the court may permit the withdrawal of the plea upon a showing by the defendant of any fair and just reason." " 'It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court.' " United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (quoting United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978) (per curiam)). A decision by the district court denying a motion to withdraw a guilty plea should be sustained on appeal unless this court finds that the district court abused its discretion. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990); Spencer, 836 F.2d at 238 (citing Doherty v. American Motors Corp., 728 F.2d 334, 338 (6th Cir.1984)). Moreover, a defendant bears the burden of proving that there are valid grounds for the withdrawal of his guilty plea. Stephens, 906 F.2d at 252; Spencer, 836 F.2d at 238; United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987).
 
 
 24
 This court has already enumerated, in its previous decisions, a number of factors which the district courts may consider in determining whether a defendant has established a "fair and just reason" to withdraw his guilty plea pursuant to Rule 32. See United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). These "factors include: (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted." Id. at 103-04.
 
 
 25
 One of the factors that the courts look at to determine if a district court abused its discretion in denying a motion to withdraw a guilty plea is the length of time between the entry of the guilty plea and the filing of the motion to withdraw it. In this case, defendant entered his guilty plea at the change of plea hearing on June 2, 1992. He first informed the district court that he wished to withdraw his plea in a letter dated September 25, 1992. Thus, approximately 115 days elapsed between the time defendant entered his plea and the time he sought to withdraw the plea. " '[T]he courts look with particular favor on [Rule] 32(d) motions made ... within a few days after the initial pleading.' " Spencer, 836 F.2d at 239 (quoting United States v. Roberts, 570 F.2d 999, 1008 (D.C.Cir.1977)). "Courts have noted that the aim of the rule [32(d) ] is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.' " United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991) (per curiam) (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985)), cert. denied, 112 S.Ct. 1231 (1992).
 
 
 26
 For such reasons, the courts generally deny motions to vacate if a substantial period of time has elapsed after the entry of the guilty plea. Alexander, 948 F.2d at 1004. Thus, in Carr, the Fifth Circuit affirmed the denial of the motion to vacate, stating:
 
 
 27
 We find that the motion [to withdraw] was not promptly filed. The defendant waited twenty-two days before filing his motion for withdrawal of his guilty plea--only three days before sentencing.
 
 
 28
 Carr, 740 F.2d at 345. Likewise, in Spencer, this court upheld the denial of a motion to withdraw a plea where the defendant waited five weeks to withdraw his plea. Spencer, 836 F.2d at 239. Further, this court has also found that a district court did not abuse its discretion in not allowing a defendant to withdraw his guilty plea where there was a 55-day period between the guilty plea and the filing of the motion to withdraw. Goldberg, 862 F.2d at 104.
 
 
 29
 Another factor considered by the district courts is why the grounds for withdrawal were not presented to the court earlier in the course of the proceedings. Spencer, 836 F.2d at 239. "[W]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." Id. (citing United States v. Usher, 703 F.2d 956 (6th Cir.1983)).
 
 
 30
 In this case, defendant Osorio based his motion to withdraw on his assertion that his appointed counsel was ineffective. To establish ineffective assistance of counsel in a guilty plea context, it must be shown that counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). See also Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Defendant asserted before the district court that his counsel was ineffective because he apparently told defendant that he did not have much of a case and that he faced greater penalties if he went on to trial and was convicted on all of the charges. On the basis of such advice, counsel, according to defendant, urged defendant to accept the plea bargain offered by the government, a plea bargain which the record shows resulted in a sentence of 19 years as opposed to the potential sentence of 30 years to life imprisonment which confronted defendant. Defendant asserts that because his counsel told him that he did not have much of a chance, counsel coerced him into pleading guilty. However, giving the client a straightforward assessment of the situation is part of the attorney-client relationship, and, unless the assessment is completely off the mark, it usually is not a sign of deficient performance on the part of the attorney.
 
 
 31
 Moreover, even if we were to assume, merely for the sake of argument, that counsel's action somehow coerced defendant into pleading guilty, defendant clearly would have been aware of the coercion at the time he entered his guilty plea. However, there is no explanation present in the record which would account for the 115-day delay in seeking to withdraw the plea.
 
 
 32
 Furthermore, at the change of plea hearing, defendant was made aware of the exact sentence he was to receive pursuant to the plea agreement, namely, 228 months incarceration. A " 'guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned.' " Kirkland, 578 F.2d at 172 (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)). Thus, defendant should have been able to decide whether or not he made a bad bargain with the government in a relatively short period of time.
 
 
 33
 Defendant further asserts that the district court should have allowed him to withdraw his guilty plea because it was aware that he had expressed dissatisfaction with his appointed counsel and the desire to obtain retained counsel of his own choosing. However, "[t]he important right to counsel of choice is not absolute; it must be balanced against the court's authority to control its own docket, and a court must be aware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." United States v. Krzyske, 836 F.2d 1013, 1017 (6th Cir.), cert. denied, 488 U.S. 832 (1988).
 
 
 34
 Defendant did not seek to obtain new counsel until the morning that his trial was to begin. Although the district court was concerned that defendant was engaging in delaying tactics, the court nonetheless delayed the voir dire of the jury venire to permit defendant to consult with another counsel in order to determine if defendant would be able to retain his services. After a three-hour delay, defendant was unable to retain counsel, ostensibly because he could not afford the fees.
 
 
 35
 More importantly, immediately thereafter, defendant indicated that he wished to change his plea and accept the plea agreement offered by the government. During the lengthy plea colloquy which ensued, defendant was represented by his appointed counsel. At no time during the change of plea hearing did defendant express any dissatisfaction with his counsel or the plea agreement, nor did he express a desire to have different counsel appointed.
 
 
 36
 Defendant also argues for the first time in his reply brief that the district court should have appointed separate counsel to represent him at the withdrawal hearing because the court had granted his appointed counsel a limited withdrawal from representing him, solely for the purpose of responding to defendant's assertions of ineffective assistance of counsel. These issues are not properly before this court. Pachla v. Saunders Systems, Inc., 899 F.2d 496, 502 (6th Cir.1990); Wright v. Holbrook, 794 F.2d 1152, 1156 (6th Cir.1986).[4]
 
 
 37
 Another factor to be considered by the district court is whether the defendant asserted and maintained his innocence. In this case, defendant did accept the plea bargain and admit his guilt at the change of plea hearing. Moreover, in connection with the preparation of the presentence report, defendant was interviewed by a probation officer shortly after his guilty plea. The probation officer noted that
 
 
 38
 [t]he defendant was interviewed by this officer at the Lake County Jail on June 11, 1992. His English is somewhat limited but he is able to converse effectively. The defendant admitted that he was aware of the fact that his co-defendants were dealing in drugs but denies that he was directly involved in the trafficking. The defendant explained that co-defendant Colon had offered to lend him some money for the establishment of a business in New York. Colon invited the defendant to come to the Cleveland area with him in exchange for the $2,000 the defendant wished to borrow. The defendant then drove the auto which did not contain the drugs while the other co-defendants drove the auto that did contain drugs. The defendant admits to a minimal involvement and feels that his responsibility is being overemphasized by the Government.
 
 
 39
 J.A. 47. Thus, defendant did not consistently maintain his innocence. Rather, he admitted his guilt to some extent.
 
 
 40
 Next, "the district court may consider the circumstances underlying the entry of the plea of guilty, the nature and background of the defendant, and whether the defendant has admitted guilt." Spencer, 836 F.2d at 239-40 (citing United States v. Saft, 558 F.2d 1073 (2d Cir.1977)). In this case, defendant Osorio admitted his guilt under oath in open court. Moreover, defendant has four previous drug trafficking convictions, all of which were felonies. J.A. 48-49. Consequently, defendant has some degree of familiarity with the criminal justice system.
 
 
 41
 The final factor which the district court may consider is the prejudice which would result to the government if the defendant is allowed to withdraw his plea. The government is not required to establish such prejudice "unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." Spencer, 836 F.2d at 240. However, where this "matter was not addressed" and "the record reveals nothing about the possible prejudice to the government ... some at least must be assumed." United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). Such an assumption of a minimal amount of prejudice to the government would seem to be justified in a case such as this, where defendant pled guilty on the very day that the trial was scheduled to begin and the government had already gone to the trouble of assembling its witnesses as well as potential jurors for trial.
 
 
 42
 Thus, as described above, all five of the factors to be considered in determining whether a defendant has demonstrated a fair and just reason for withdrawal of a guilty plea weigh against allowing the defendant to withdraw his guilty plea in this case. Most particularly, out of all of the factors, the 155-day delay between defendant Osorio's guilty plea and his attempt to withdraw the plea weighs very strongly against him. Therefore, the district court did not abuse its discretion in denying defendant's motion to withdraw his plea of guilty under Fed.R.Crim.P. 32(d).
 
 III.
 
 43
 For the reasons stated, the district court is AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Defendant did not discharge his appointed counsel in favor of retained counsel because he asserted that he could not afford the fees. Also, the counsel which defendant proposed to retain was somewhat reluctant to represent him, because he was representing one of the co-defendants in the case, and he was concerned about a possible conflict of interest
 
 
 [2]
 Although the plea agreement states that "[t]he government further agrees to recommend to the Court that: ... (c) the Court impose a sentence of 228 months (19 years)," J.A. 34-35, the parties informed the court at the change of plea hearing that the 228 month sentence was not a recommendation, it was the sentence agreed upon by the parties. J.A. 94-95
 
 
 [3]
 Furthermore, had defendant chosen to go to trial and had he been convicted of all of the charges against him, he was facing a mandatory minimum sentence of 30 years imprisonment and a possible maximum sentence of life imprisonment. J.A. 113-14
 
 
 [4]
 Further, to the extent that defendant is attempting to assert that the district court's failure to appoint a second counsel to represent him at the hearing on the withdrawal of his guilty plea was a denial of the Sixth Amendment right to counsel at a critical stage of the proceedings, such a claim would be cognizable in a motion to vacate sentence under 28 U.S.C. § 2255 filed in the district court